UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SCOTT E. MCINTIRE, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-509-PPS-JEM |
| NANCY B. MARTHAKIS, | |
| Defendant. | |

OPINION AND ORDER

Scott E. McIntire, a prisoner without a lawyer, filed an amended complaint against Dr. Nancy B. Marthakis. ECF 12. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

McIntire alleges that, prior to January 24, 2018, Dr. Thompson had recommended that McIntire's right hip be replaced, but the procedure was not approved. Dr. Thompson assisted McIntire in obtaining orthopedic boots to help with McIntire's pain. Dr. Nancy Marthakis took over Dr. Thompson's chronic care

program on January 24, 2018. McIntire's orthopedic boots were worn out, but Dr. Marthakis would not approve a new pair.[1] This caused McIntire to limp and increased his hip pain.

On August 16, 2021, McIntire fell. Following the fall, Dr. Marthakis ordered x-rays. She also ordered that McIntire be sent to an orthopedic doctor for consultation. He was seen by Dr. B. Israel Yahuaca on October 5, 2021. Dr. Yahuaca reviewed McIntire's x-rays and said McIntire's hip was one of the worst hips he had ever seen and needed to be replaced as soon as possible.

On November 29, 2021, Ashley Burnham sought approval for the surgery. The request was denied. McIntire was advised to go to physical therapy, and he was told to resubmit his request if he did not improve. McIntire saw physical therapist Nathan Bates on February 10, 2022. On December 7, 2023, McIntire saw Bates again. McIntire told Bates that the physical therapy was not working. Bates agreed and recommended hip replacement surgery.

On January 11, 2024, McIntire saw Dr. Marthakis again. He asked when he would get his hip replaced. It is unclear how she responded, but McIntire reports that she wanted to work on everything but his hip replacement. On March 9, 2024, Kimberly Pflughaupt submitted paperwork to try to get McIntire scheduled with the surgeon. On June 20, 2024, McIntire was able to see Dr. James O. Hartson, a surgeon. On October 31, 2024, Dr. Marthakis finally requested approval for the hip

---

[1] The amended complaint does not indicate when McIntire made this request of Dr. Marthakis.

replacement surgery. By this time, there was a four-inch difference in length between McIntire's right leg and left leg. The difference in length in 2015 was only one inch. While the surgeon was hopeful that the length could be restored during the hip replacement surgery, that was not possible because the surgery had been delayed far too long.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed [and] decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks and citation omitted).

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards,

3

as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citation omitted). Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019) (citation omitted), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Negligence does not state a claim. *Estelle*, 429 U.S. at 106 (explaining that negligence or medical malpractice do not constitute deliberate indifference). Giving McIntire the benefit of all favorable inferences, as I must at this stage of the case, McIntire has stated a claim against Dr. Marthakis.

McIntire is not proceeding in forma pauperis. Therefore, the court will not serve the defendant pursuant to 28 U.S.C. § 1915(d). Rather, it is his obligation to serve the defendant with a copy of the complaint and this screening order as provided by Federal Rule of Civil Procedure 4.

For these reasons, the court:

(1) GRANTS Scott E. McIntire leave to proceed against Dr. Nancy Marthakis in her individual capacity for compensatory and punitive damages for deliberate indifference to his serious medical needs related to his deteriorating right hip, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk to sign and seal a summon for Nancy B. Marthakis and send it to Scott E. McIntire; and

4

(4) ORDERS, under 42 U.S.C. § 1997e(g)(2), Dr. Nancy B. Marthakis to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on February 17, 2026.

/s/ Philip P. Simon  
JUDGE  
UNITED STATES DISTRICT COURT